IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

EDWARD C. SHERMAN,

        Plaintiff,        Civil Action No.
                                    3:16-CV-1342 (BKS/DEP)

  v.

COUNTY OF DELAWARE, *et al.*,

        Defendants.

---

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFF:

EDWARD C. SHERMAN, *Pro se*
13-B-3651
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

FOR DEFENDANT:

NONE


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

    *Pro se* plaintiff Edward C. Sherman has commenced this civil rights action pursuant to 42 U.S.C. § 1983 against two New York State Troopers and the County of Delaware. Plaintiff's complaint, together with an

accompanying application for leave to proceed in the action *in forma pauperis* ("IFP"), have been referred to me for review pursuant to 28 U.S.C. § 1915(e). For the reasons set forth below, I am granting plaintiff's IFP application and recommending that his complaint be accepted for filing except as to his claims against the County of Delaware.

I.  BACKGROUND

According to plaintiff, his brother, Michael Sherman, is (or was, at one time) unlawfully holding possession over certain of his property. Dkt. No. 1 at 5. Although plaintiff contacted defendants Matthew Holecek and John Cornell, both of whom are New York State Troopers, to assist him in retrieving his property, they refused to help. *Id.* Thereafter, plaintiff attempted to retrieve his property from his brother on his own, which apparently resulted in defendants arresting him and charging him with trespass, petit larceny, and criminal mischief in the fourth degree under New York State law. *Id.* at 4, 5. According to plaintiff, defendant Cornell arrested him on June 14, 2013, and charged him with trespass and petit larceny, while defendant Holecek arrested him on June 20, 2013, charging him with trespass, petit larceny, and criminal mischief in the fourth degree. *Id.* Following the arrest on June 20, 2013, plaintiff was incarcerated for nine days until he posted bail. *Id.* at 4.

Plaintiff alleges that defendants Cornell and Holecek arrested him without corroboration or factual evidence, and that each defendant did not take into account "a multitude of exculpatory evidence and/or circumstances" before arresting him. Dkt. No. 4 at 5. According to plaintiff, all charges, which were brought in the Walton Town Court, were dropped on November 7, 2013, for lack of evidence. *Id.* at 4.

Plaintiff's complaint asserts claims of false arrest, malicious prosecution, and denial of due process and a right to a fair trial against defendants Cornell, Holecek, and the County of Delaware.[1] Dkt. No. 1 at 5-6. Plaintiff seeks $2,000,000 in compensatory and punitive damages. *Id.* at 8.

II. DISCUSSION

    A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).

---

[1] It is unclear based on plaintiff's complaint to what "trial" plaintiff is referring. *See generally* Dkt. No. 1.

When this action was initially commenced, plaintiff's IFP application was found to be incomplete, and the action was administratively closed subject to his right to either pay the filing fee in full or to submit a completed and signed IFP application certified by an appropriate official at the prison facility in which plaintiff is confined. Dkt. No. 4. The case was reopened on January 4, 2017, however, following plaintiff's submission of an amended motion for leave to proceed without prepayment of fees. Dkt. Nos. 5, 6, 7.

Following her review of plaintiff's amended motion, District Judge Brenda K. Sannes issued a text order on January 9, 2017, noting that the application was still not certified by an officer of the prison facility in which plaintiff was housed, and again directed plaintiff to either pay the filing fee in full or submit a complete and properly certified application. Dkt. No. 8. In response to that text order, plaintiff submitted a letter to the court advising that he had sent the required form to the facility twice, but it had not been returned. Dkt. No. 9, 10. Another text order was issued by the court on March 10, 2017, extending plaintiff's time to submit a completed and signed IFP application and noting that, in the place of a completed certification, plaintiff could alternatively submit a certified copy of his trust

fund account or the equivalent for a six-month period preceding the filing of the complaint. Dkt. No. 11.

On March 31, 2017, plaintiff submitted an amended, renewed application for leave to proceed IFP. Dkt. No. 12. As was the case with respect to prior submissions, the form was not certified by an authorized official. Dkt. No. 12 at 2. Attached to the form, however, was a memorandum dated March 23, 2017, indicating that plaintiff's spendable account balance was $74.50. Dkt. No. 12-1 at 1. The submission also included a statement of transactions in plaintiff's account for the months of February 2017 and March 2017, Dkt. No. 12-1 at 2, as well as his account statements for the months November 2016 through February 2017. *Id.* at 3-7.

I have reviewed the materials submitted by plaintiff and, while they do not precisely comply with the certification requirements, I conclude that he has adequately demonstrated his inability to pay the required filing fee in advance and, therefore, demonstrated his eligibility for IFP status. Accordingly, his request for leave to proceed without prepayment of fees is granted.[2]

---

[2] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

5

B. Sufficiency of Plaintiff's Complaint

1. Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable

basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2. Analysis of Plaintiff's Claims

Mindful of my obligation to liberally construe *pro se* litigants' pleadings, I find that the complaint alleges sufficient facts against defendants Cornell and Holecek to satisfy the modest requirements of section 1915(e), and that it should therefore be accepted for filing to the extent it asserts claims against those individual defendants.[3]

Plaintiff's complaint, however, fails to allege any facts that would demonstrate the existence of a plausible claim against the County of Delaware, which is also a named defendant. According to the complaint, the individual defendants are New York State Troopers, Dkt. No. 1 at 4, and thus are not employees or agents of the County of Delaware. Similarly, the criminal proceedings against plaintiff were brought in the Town of Walton Justice Court, over which the County of Delaware does not exert control. *Id.* Plaintiff's complaint includes no factual allegations that suggest any employee of the County of Delaware was involved in the constitutional deprivations alleged or that any individual employed by the county acted pursuant to an established policy or practice, which might otherwise be sufficient to give rise to a finding of municipal liability against

---

[3] In rendering this determination, I have formed no opinion as to whether plaintiff's complaint can withstand a properly filed motion to dismiss or motion for summary judgment.

the County of Delaware under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). Simply stated, plaintiff's complaint does not include any allegation of wrongdoing on the part of the County of Delaware, its employees, or its agents. Accordingly, I recommend that plaintiff's claims against that defendant be dismissed.

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a

complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, because it seems possible that plaintiff may be able to assert a cognizable claim against defendant County of Delaware with better pleading, I recommend that leave to amend be granted. If plaintiff chooses to file an amended complaint, he should note that the law in this circuit provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In

addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III.   SUMMARY, RECOMMENDATION, AND ORDER

Based upon my review of plaintiff's IFP application, I will grant his request for leave to proceed without prepayment of fees. Turning to the merits of plaintiff's claims, although the complaint alleges sufficient facts at this early juncture to support the claims asserted against defendants Cornell and Holecek, it fails to allege any facts that give rise to the existence of a cognizable claim against defendant County of Delaware. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's claims against defendant County of Delaware be DISMISSED with leave to replead within thirty days of the date of an order adopting this report, recommendation and order, but that plaintiff's complaint otherwise be accepted for filing as against defendants Matthew R. Holecek and John Cornell;[4] and it is further hereby

ORDERED as follows:

(1) Plaintiff's renewed request for leave to proceed in this action *in forma pauperis* (Dkt. No. 12) is GRANTED.

(2) Upon receipt from plaintiff of the documents required for service of process, the clerk shall issue summonses for defendants Holecek and Cornell and forward them, along with copies of plaintiff's complaint, to the United States Marshal for service upon the defendants. The clerk is respectfully directed to forward a copy of the summons and complaint, as well as a copy of this decision and order, to the Office of the New York State Attorney General by mail.

(3) A response to plaintiff's complaint shall be filed and served by the defendants or their counsel in accordance with the Federal Rules of Civil Procedure once service has been effectuated.

---

[4] In the event plaintiff fails to avail himself of the opportunity to amend his complaint within the thirty-day timeframe, I recommend the action proceed as against defendants Cornell and Holecek and defendant County of Delaware be terminated by the clerk.

(4) All pleadings, motions and other documents relating to this action shall be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the court or the clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the clerk or the court that does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.** Plaintiff must comply with any requests by the clerk's office for any documents that are necessary to maintain this action. All parties must comply with rule 7.1 of the local rules of practice for this court when filing any motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the rules. **Plaintiff is also required to promptly notify the clerk's office and all parties or their counsel of any change in his address; failure to do so may result in the dismissal of this action.**

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this

report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon plaintiff in accordance with this court's local rules.

Dated:   June 5, 2017
         Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

15