UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDWARD C. SHERMAN,

                              Plaintiff,                        3:16-cv-01342 (BKS/DEP)

v.

TROOPER MATTHEW R. HOLECEK and TROOPER
JOHN CORNELL,

                              Defendants.
_____

**APPEARANCES:**

*Plaintiff, pro se:*
Edward C. Sherman
13-B-3651
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

*For Defendants:*
Barbara D. Underwood
Attorney General of the State of New York
Helena O. Pederson
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

       Plaintiff Edward C. Sherman, proceeding pro se, brings this action against Defendants

New York State Troopers Matthew R. Holecek and John Cornell under 42 U.S.C. § 1983 for

alleged constitutional violations resulting from his arrests on two occasions in June 2013. (*See*

*generally* Dkt. No. 1). The Complaint includes three claims: (1) false arrest; (2) malicious

prosecution; and (3) denial of right to a fair trial (procedural due process). (*Id.* at 5–7). Plaintiff seeks $2 million in compensatory and punitive damages. Presently before the Court is Defendants' motion to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 23). Plaintiff did not file an opposition. For the reasons set forth below, the motion is granted in part and denied in part.

## II.    FACTS[1]

According to the Complaint, the events in this case spring from Plaintiff's attempts to retrieve his belongings from his brother Michael B. Sherman's property, as his brother "was repeatedly refusing to relinquish [the belongings] for whatever reason." (Dkt. No. 1, at 5). Plaintiff sought Defendants' assistance in the matter "several times" before, but they "refused to assist him." (*Id.* at 5–6). On June 14, 2013,[2] Defendant Cornell arrested Plaintiff for trespass and petit larceny after Plaintiff tried to recover his belongings from his brother's property. (Dkt. No. 1, at 4–5). Several days later, on June 20, 2013, Defendant Holecek arrested Plaintiff for trespass, petit larceny, and criminal mischief in the fourth degree "based on another fabricated complaint sworn to by plaintiff's distraught brother." (*Id.*). At the time of the arrests, Defendants knew Plaintiff's brother was "refusing to relinquish property that belonged legitimately to Plaintiff." (*Id*. at 6). Plaintiff was detained for nine days until bail was posted, and was "under continued prosecution" until the Walton Town Court dismissed all charges with prejudice on November 7, 2013. (*Id.* at 4; Dkt. No. 1-1, at 1–2).

---

[1] The facts are taken from the Complaint and assumed to be true for purposes of this motion. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

[2] The Complaint's statement of facts specifies that Plaintiff was first arrested on June 14, 2013, (Dkt. No. 1, at 4), but the statement of claims refers to a June 13, 2013 date of arrest, (*id.* at 5–6). Given that the certificate of disposition attached to the Complaint lists a June 14, 2013 date of arrest, (Dkt. No. 1-1, at 1), the Court uses that date as the presumably correct date. *See Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 222 (2d Cir. 2004) (rejecting allegations that were "belied" by letters attached to the complaint).

Plaintiff claims that the charges against him lacked "any factual evidence," that Defendants relied on his brother's "depositions, which were fabricated," and that Defendants never "verified said info." (Dkt. No. 1, at 4). Furthermore, Plaintiff asserts that Defendants "conspired with Michael B. Sherman to fabricate allegations, including incorporating said allegations into the related accusatory instruments, which resulted in commencing two separate criminal actions" against Plaintiff. (*Id.* at 5). The Complaint adds that Defendants "conveniently left out a multitude of exculpatory evidence and/or circumstances that they knew long before these dates charged, that [Plaintiff] never intended to commit any crimes, against his brother or his brother's property, and that [Plaintiff] merely wished to recover his own property from his brother's property." (*Id.*). According to Plaintiff, these circumstances indicate that Defendants acted with malice. (*Id.* at 5–6).

Plaintiff "strongly believes that [Defendants] chose [to] initiate his arrest and commencement of criminal proceedings, solely as a result of [Plaintiff] making derogatory comments at them for repeatedly refusing to assist him in retrieving his own personal property from his brother Michael Sherman." (*Id.* at 7). Plaintiff "deems their actions retaliatory in nature." (*Id.*). Further, the Complaint states that "the police agencies have an unwritten policy of 'DO NOT RESPOND' to any of [Plaintiff's] requests for assistance or complaints, which has been apparent & provable fact for many years prior," as "[t]hese parties have repeatedly harassed and/or ignored [Plaintiff], ever since his wife committed suicide and caused [Plaintiff] to suffer mental complications thereafter." (*Id.*).

### III.    STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

"Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). When deciding a motion to dismiss, the Court's review is ordinarily limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A complaint that has been filed pro se "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

**IV.    DISCUSSION**

Before analyzing whether Plaintiff has stated any claim upon which relief can be granted, the Court must first address Defendants' request to dismiss the Complaint to the extent that Plaintiff sues them in their official capacities. (*See* Dkt. No. 23-1, at 5–6). Sovereign immunity bars a suit in federal court against a state, absent the state's consent to suit or congressional abrogation of immunity. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996); *Kostok v. Thomas*, 105 F.3d 65, 68 (2d Cir.1997). "New York has not waived its immunity, nor has Congress abrogated it." *Jackson v. Ramirez*, 691 F. App'x 45, 46 (2d Cir. 2017) (citation omitted). "A claim [for damages] against state officials in their official capacities is likewise

barred." *Id.* Given that Plaintiff only seeks damages, the Court must dismiss the Complaint to the extent that Plaintiff sues Defendants in their official capacities. The Court will now analyze whether Plaintiff has stated any claims against Defendants in their individual capacities.

### A. False Arrest Claim

Defendants move to dismiss the false arrest claim on the ground that it is time-barred. (Dkt. No. 23-1, at 7–8). The limitations period for claims brought under 42 U.S.C. § 1983 is "borrowed from the statute of limitations for the analogous claim under the law of the state where the cause of action accrued." *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017); *accord Wallace v. Kato*, 549 U.S. 384, 387 (2007) (explaining that federal law determines the limitations period for § 1983 claims by reference to the limitations period for personal injury torts under "the law of the State in which the cause of action arose"). In New York, the limitations period for personal injury claims is three years. *See Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015). Therefore, Plaintiff's § 1983 claims are subject to a three-year statute of limitations.

A § 1983 claim's accrual date, however, is "a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388. In *Wallace*, the Supreme Court held that the statute of limitations for a § 1983 false arrest claim begins to run when the arrestee's alleged false imprisonment ends, that is, "once the victim becomes held pursuant to [legal] process— when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389 (emphasis omitted). Whereas a claim for "malicious prosecution relates to deprivations of liberty pursuant to legal process—meaning either post-arraignment or as a result of arrest pursuant to warrant," a claim for false arrest covers "[d]eprivations of liberty from the moment of warrantless arrest until arraignment." *Coleman v. City of New York*, 688 F. App'x 56, 58 n.1 (2d Cir. 2017).

5

"Statute of limitations defenses are affirmative defenses, which normally cannot be decided on a motion to dismiss." *Ntsebeza v. Daimler* (*In re S. African Apartheid Litig.*), 617 F. Supp. 2d 228, 287 (S.D.N.Y. 2009). Dismissal may be appropriate, however, "where the complaint *facially* shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.'" *Id.* (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994)).

The Complaint does not specify whether Defendants arrested Plaintiff without a warrant, nor does it indicate the date of arraignment. But as Defendants point out, (Dkt. No. 23-1, at 8), New York law requires that, following arrest, an arrestee be brought "without unnecessary delay" before a local criminal court, N.Y. Crim. Proc. Law § 120.90(1) (arrest pursuant to warrant); *id.* § 140.20(1) (arrest without warrant). "New York courts have held that an arrest-to-arraignment delay in excess of 24 hours is presumptively unnecessary within the meaning of [N.Y. Crim. Proc. Law § 140.20]." *Walker v. Village of Freeport*, No. 15-cv-4646, 2016 WL 4133137, at *11, 2016 U.S. Dist. LEXIS 77582, at *33 (E.D.N.Y. June 13, 2016) (alteration in original) (internal quotation marks omitted), *report and recommendation adopted*, 2016 WL 4132252, 2016 U.S. Dist. LEXIS 101869 (E.D.N.Y. Aug. 2, 2016). Many courts, therefore, presume that the date of accrual occurs within several days of the arrest. *See, e.g.*, *id.*; *Forbes v. City of New York*, No. 15-cv-3458, 2016 WL 6269602, at *3, 2016 U.S. Dist. LEXIS 148354, at *11 (S.D.N.Y. Oct. 26, 2016) (assuming that less than 78 days "elapsed between Plaintiff's arrest and his arraignment"); *Brown v. Rowe*, No. 12-cv-691, 2012 WL 5449588, at *3, 2012 U.S. Dist. LEXIS 159379, at *13 (N.D.N.Y. Nov. 7, 2012) (presuming that the plaintiff was arraigned at the time that he was "arrested and jailed"); *Stewart v. City of New York*, No. 06-cv-15490, 2008 WL 1699797, at *6 n.4, 2008 U.S. Dist. LEXIS 30632, at *19 n.4 (S.D.N.Y. Apr. 9, 2008)

(noting that the plaintiff "presumably was arraigned shortly" after his arrest). Likewise, here, the Court presumes that Plaintiff was arraigned shortly after his second arrest on June 20, 2013. Accordingly, his false arrest claim accrued in late June 2013 and expired in late June 2016.[3] Since Plaintiff did not bring this action until November 2016—more than four months after the limitations period expired—his false arrest claim is untimely and must be dismissed.[4]

### B.  Malicious Prosecution Claim

The elements of malicious prosecution under § 1983 and New York law are the same. *See Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994). A malicious prosecution claim requires a Plaintiff to allege: "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003). Defendants argue that Plaintiff failed to plead all the requisite elements of a malicious prosecution claim, specifically the third element (probable cause) and the fourth element (malice). (Dkt. No. 23-1, at 14–15).

Probable cause to commence a criminal proceeding exists when the prosecuting officer has "knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of." *Rounseville v. Zahl*, 13 F.3d 625, 629 (2d Cir.1994) (quoting *Pandolfo v. U.A. Cable Sys. of Watertown*, 171 A.D.2d 1013, 1013 (4th Dep't 1991)). The existence of probable cause is

---

[3] The Court notes that the Complaint does not state any basis for equitable tolling. *See O'Hara v. Bayliner*, 89 N.Y.2d 636, 646 (1997).

[4] Noting that the Complaint alleges that Defendants "conspired" with Plaintiff's brother to "fabricate" allegations resulting in Plaintiff's arrest, Defendants move to dismiss any conspiracy claim as similarly time-barred. (Dkt. No. 23-1, at 13–14 (quoting Dkt. No. 1, at 5)). To the extent the Complaint alleges a separate conspiracy claim, it is similarly time-barred. *See McDonough v. Smith*, No. 17-296-cv, 2018 WL 3672942, at *6, 2018 U.S. App. LEXIS 21540, at *13 (2d Cir. Aug. 3, 2018) (explaining that characterizing a wrongful act as a conspiracy "does not postpone accrual of claims based on individual wrongful acts" (quoting *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995))).

measured as of the time the prosecution was initiated based on the facts that the prosecuting officer knew or reasonably believed to be true at that time. *See Ahern v. City of Syracuse*, 411 F. Supp. 2d 132, 151 (N.D.N.Y. 2006).

Defendants contend that the Complaint's allegations in fact *establish* probable cause because they "establish that . . . Plaintiff entered his brother's property without permission, for the purpose of removing certain items from that property." (Dkt. No. 23-1, at 16). Nowhere in the Complaint, however, does Plaintiff assert that he entered his brother's property "without permission." Although the Complaint states that Plaintiff's brother refused to relinquish Plaintiff's belongings, the Court cannot infer from that allegation that Plaintiff lacked permission to enter—and therefore trespassed on—his brother's property. Nor are there any allegations that Plaintiff damaged his brother's property and thereby committed criminal mischief in the fourth degree under section 145.00 of the New York Penal Law. (*Id.*).

It is the Plaintiff's burden to plausibly allege that there was no probable cause. The Complaint does not allege facts from which it could plausibly be inferred that there was no probable cause to arrest Plaintiff for trespass or for criminal mischief in the fourth degree, as the Complaint contains no allegations regarding how the Plaintiff entered his brother's property or whether Plaintiff damaged any property. But with respect to petit larceny, the Complaint does allege that the Plaintiff was "merely retrieving his own property." (Dkt. No. 1 at 6). At this stage, the Court must draw all reasonable inferences in favor of Plaintiff, not against him. Thus, the Complaint sufficiently alleges lack of probable cause but only for the petit larceny arrests.

Defendants also contend that the Complaint does not plausibly plead the element of malice, which requires allegations that the defendant "commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served."

*Laboy v. County of Ontario*, 668 F. App'x 391, 394 (2d Cir. 2016) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996)). In the Complaint, Plaintiff states that Defendants "knew" that his brother was "refusing to relinquish property that belonged legitimately" to Plaintiff, that Plaintiff asked them for assistance retrieving it, and that he "strongly believes" that Defendants arrested Plaintiff and commenced criminal proceedings against him "solely as a result of [Plaintiff] making derogatory comments at them for repeatedly refusing to assist him in retrieving his own personal property from his brother Michael Sherman."[5] (Dkt. No. 1, at 5–7). Plaintiff has, as noted above, adequately alleged a lack of probable cause for the petit larceny arrest. And an inference of malice sufficient to overcome a Rule 12(b)(6) motion can be inferred from a lack of probable cause. *See Hilfiger v. Bradlees, Inc.*, No. 99-cv-4677, 2002 WL 737477, at *11, 2002 U.S. Dist. LEXIS 7191, at *32–33 (S.D.N.Y. Apr. 25, 2002) (finding that sufficient allegations of lack of probable cause allowed an inference of malice so as to overcome a motion to dismiss). Accordingly, the Court denies Defendants' request to dismiss the malicious prosecution claim with respect to the petit larceny charge.

C.  **Fair Trial Claim**

Plaintiff claims that Defendants violated his procedural due process right to a fair trial by using fabricated evidence against him and "omit[ting] evidence that they knew would exculpate" him. (Dkt. No. 1, at 5, 7). As with the false arrest claim, Defendants contend that Plaintiff's fair

---

[5] Plaintiff does not include First Amendment retaliation as one of his claims. Nevertheless, noting that Plaintiff characterizes Defendants' actions as "retaliatory in nature," (Dkt. No. 23-1, at 12 (quoting Dkt. No. 1, at 7)), Defendants seek to dismiss any First Amendment retaliation claim as time-barred, (*id.* at 11–13). The Court agrees. The latest time that a claim for First Amendment retaliation would have accrued was in June 2013, when Plaintiff was arrested. *See Smith v. Campbell*, 782 F.3d 93, 100–01 (2d Cir. 2015) (explaining that a First Amendment retaliation claim accrued when the defendant officer served the plaintiff with traffic tickets, "subject[ing] her to a state action requiring that she either appear in court, pay a fine, or both"). Plaintiff filed this action in November 2016, more than four months after the claim expired.

9

trial claim should be dismissed as time-barred. In a recent decision, the Second Circuit discussed the accrual rule for § 1983 fair trial claims that are brought by individuals who, like Plaintiff here, allege that government officers used fabricated evidence against them in the course of criminal proceedings. *See McDonough*, 2018 WL 3672942, at *4–6, 2018 U.S. App. LEXIS 21540, at *9–13. The court held that such claims accrue "(1) when a plaintiff learns of the fabrication and it is used against him, and (2) his liberty has been deprived in some way." *Id.* at *4 (citation omitted). The court explained that "accrual did not have to await [the criminal defendant's] acquittal" and elaborated as follows:

> Because the injury for this constitutional violation occurs at the time the evidence is used against the defendant to deprive him of his liberty, whether it be at the time he is arrested, faces trial, or is convicted, it is when he becomes aware of that tainted evidence and its improper use that the harm is complete and the cause of action accrues. Indeed, the harm—and the due process violation—is in the *use* of the fabricated evidence to cause a liberty deprivation, not in the eventual resolution of the criminal proceeding.

*Id.* at *5.[6] For the plaintiff in that case, the claim accrued "at the earliest, when he was indicted and arrested and, at the latest, by the end of his first trial, after all of the prosecution's evidence had been presented." *Id.*

Defendants argue that the fair trial claim in this case accrued at the time of Plaintiff's arrests on June 14 and 20, 2013 because the Complaint's own allegations establish that he learned of the fabricated evidence and its use against him then. (*See* Dkt. No. 23-1, at 10–11). Further, Defendants note that "Plaintiff does not allege that he learned of the allegedly fabricated or exculpatory evidence as the result of any criminal proceedings or related investigations subsequent to his arrests and incarceration." (*Id.* at 10). The Court agrees. The Complaint asserts

---

[6] Because the plaintiff in *McDonough* was never convicted, the court concluded that his claim did not necessarily implicate the validity of a past conviction and therefore the *Heck* rule delaying accrual was not "called into question." *Id.* at *6 (quoting *Wallace*, 549 U.S. at 393).

10

that Defendants incorporated fabricated allegations in the "accusatory instruments" used to charge him and that Defendants "omit[ted] evidence that they knew would exculpate [him] from any guilt of said charges and that should have protected him from being unlawfully and/or falsely arrested." (Dkt. No. 1, at 5, 7).[7] Therefore, Plaintiff's own pleading indicates that he learned of the fabricated or omitted exculpatory evidence at the earliest upon his arrest and at the latest upon his arraignment—in other words, his fair trial claim accrued in late June 2013. *See Mitchell v. Home*, 377 F. Supp. 2d 361, 374 (S.D.N.Y. 2005) (dismissing fair trial claim as time-barred because the plaintiff filed her action more than three years after she was arraigned and arrested). Plaintiff commenced this action in November 2016, more than four months after the limitations period on his fair trial claim expired. Accordingly, the Court dismisses the claim as time-barred.[8]

## V.   LEAVE TO AMEND

In recognition of Plaintiff's status as a pro se litigant and because Plaintiff may be able to assert cognizable claims with better pleading, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Order. In any amended complaint, Plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. Any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any

---

[7] The Complaint does not contain any information regarding Plaintiff's arraignments or his receipt of the accusatory instruments. Plaintiff alleges that he was in custody for approximately nine days before posting bail. (Dkt. No. 1, at 4). The Court notes that, in New York, bail is set upon arraignment, and "upon any arraignment at which [a] defendant is personally present, the court must . . . furnish him with a copy of the accusatory instrument." N.Y. Crim. Proc. Law § 170.10(2), (7).

[8] Plaintiff's action is brought under § 1983, not state law. At any rate, even if Plaintiff's Complaint were construed as asserting claims for malicious prosecution and false arrest under New York law, those claims would be time-barred under New York's one-year statute of limitations. N.Y. C.P.L.R. 215(3); *Perez v. County of Nassau*, 294 F. Supp. 2d 386, 391 (E.D.N.Y. 2003).

pleading or document previously filed with the court. *See Elliott v. City of Hartford*, 649 F. App'x 31, 32 (2d Cir. 2016) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994))). If Plaintiff fails to file an amended complaint within thirty days, this case will be closed.

## VI.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 23) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that the false arrest claim (first claim) and the fair trial claim (third claim) asserted in the Complaint (Dkt. No. 1) are **DISMISSED without prejudice**; and it is further

**ORDERED** that the malicious prosecution claim (second claim) as to the prosecutions for trespass and criminal mischief is **DISMISSED without prejudice**; and it is further

**ORDERED** that the motion to dismiss the malicious prosecution claim (second claim) as to the prosecutions for petit larceny is **DENIED**; and it is further

**ORDERED** that Plaintiff **may amend the Complaint <u>within THIRTY (30) days</u>** of the date of this Order, in accordance with the conclusions stated above; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules along with copies of the unpublished decisions cited in this decision.

**IT IS SO ORDERED.**

Dated: August 29, 2018
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge